IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW ADAM JAY, | ) | No. C 08-0845 CW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S MOTION |
| | ) | TO AMEND PETITION TO STRIKE EQUAL |
| v. | ) | PROTECTION CLAIM; DENYING |
| | ) | RESPONDENT'S MOTION TO DISMISS; |
| BEN CURRY, Warden, | ) | REINSTATING ORDER TO SHOW CAUSE; AND |
| | ) | APPOINTING COUNSEL FOR PETITIONER |
| Respondent. | ) | |
| _____ | ) | (Docket nos. 4, 5) |

INTRODUCTION

Petitioner Matthew Adam Jay is a prisoner of the State of California who is incarcerated at the California Training Facility in Soledad. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the denial of his parole by the California Board of Parole Hearings (Board) in 2006. In an Order dated May 2, 2008, the Court ordered Respondent to show cause why the petition should not be granted.

Petitioner has filed two other habeas actions in this Court. On November 12, 2008, the Court granted habeas relief in Case No. C 06-1795 CW (PR), in which Petitioner challenged the 2004 Board hearing and denial. Respondent in that action subsequently filed an appeal to the Ninth Circuit, which is still pending. In Case No. C 08-1998 CW (PR), Petitioner challenges the 2007 Board hearing and denial. The Court issued an order to show cause and appointed counsel to represent Petitioner in that case. Respondent filed a request for a stay of that petition pending the issuance of a decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, No. 06-55392 (9th Cir. May 16, 2008). The Court denied Respondent's request and set another briefing schedule.

In the present case, on September 2, 2008, Respondent filed a motion to dismiss the petition, alleging that: (1) some of Petitioner's claims were not properly exhausted at the state level; and (2) even if they were exhausted, they are without merit and do not warrant federal habeas relief. (Mot. to Dismiss at 3-4.) On October 10, 2008, Petitioner filed an opposition as well as a motion for leave to amend the petition to strike his equal protection claim as unexhausted. (Opp'n at 2.) On October 21, 2008, Respondent filed a reply. On November 6, 2008, Petitioner filed a response to the reply.

For the reasons discussed below, the Court GRANTS Petitioner's motion to amend the petition by striking the equal protection claim, DENIES Respondent's motion to dismiss the petition as not fully exhausted, appoints counsel for Petitioner on its own motion, and reinstates the Court's May 2, 2008 order to show cause as to the now fully exhausted petition.

BACKGROUND

On March 13, 1987, Petitioner was convicted of one count of second degree murder and one count of attempted murder. (Pet. at 1.) He was sentenced to fifteen years to life imprisonment. (Id.) On January 26, 2006, Petitioner appeared before the Board for his seventh parole suitability hearing. (Id. at 6.) The Board found Petitioner unsuitable for parole. (Id. at 16.)

Petitioner challenged the Board's decision by filing a state habeas petition in the Los Angeles County Superior Court, which denied it on May 16, 2007. (Id. at 3.) On October 23, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, which denied it on October 26, 2007. (Pet., Ex. 9.) On

2

November 5, 2007, Petitioner filed a petition for review in the California Supreme Court, which denied it on January 3, 2008. (Id., Ex. 10.)

Petitioner filed the present petition, alleging that: (1) the commitment offense no longer constitutes "some evidence" of current dangerousness (Claim One); (2) the Board violated his due process rights by failing to consider his age at the time of the offense (Claim Two); (3) the Board violated his due process rights by failing to consider significant stress related to the offense (Claim Three); and (4) he was denied equal protection under the law (Claim Four).[1]  (Id. at 5.)

DISCUSSION

Respondent argues that not all of Petitioner's claims were properly presented to the California Supreme Court.  In his opposition, Petitioner concedes that the equal protection claim is unexhausted, and moves for leave to amend the petition to strike that unexhausted claim.

Petitioner lists four grounds for relief.  (Pet. at 5.) Claims One through Three can be characterized as a single due process claim.  (Id.)  In Claim Four, Petitioner alleges the California courts violated his right to equal protection under the law by denying his petition.  (Id. at 19.)

In the motion to dismiss, Respondent describes Claim One as a due process claim, which he concedes is exhausted.  (Mot. to Dismiss at 2.)  Respondent then conflates Claims Two, Three and

---

[1] In the petition, these claims are labeled "Claims I.C.(a) through I.C.(d)."  For clarity, the Court will refer to them in this Order as Claims One through Four.

3

Four into one equal protection claim. (Id.) Respondent argues that Petitioner's composite equal protection claim is unexhausted because he failed to raise it in the state courts before seeking federal relief. (Id. at 3.)

Petitioner argues that Claims Two and Three, identified by Respondent as part of his unexhausted equal protection claim, are clearly part of his due process claim. (Sur-reply at 2.)

The Court finds unavailing Respondent's argument that Claims Two and Three should be considered as part of Petitioner's unexhausted equal protection claim. In his federal petition, Petitioner labels Claims Two and Three as due process claims in their titles. However, when describing these claims in detail, he states that "Petitioner's right to due process and equal protection . . . was violated." (Id. at 27.)

Despite Petitioner mis-characterizing these claims as both equal protection and due process claims in his federal petition, the record demonstrates that he raised Claims Two and Three as due process claims in state court. In his state appellate petition, Petitioner presented these claims initially under the umbrella of his single due process claim that it was a "violation of Petitioner's right to due process . . . when the Board of Parole Hearings denied him parole absent 'some evidence' . . . ." (Resp't Ex. 2 at 5.) Petitioner also labeled Claims Two and Three as both equal protection and due process claims in his petition for review before the California Supreme Court, stating: "Was it a violation of due process and equal protection under the law for the [B]oard (1) to not consider and weigh Petitioner's age at the time of the commitment offense? and (2) failed to consider the significant

4

stress he was under when he committed the offense?" (Resp't Ex. 1 at 5.) However, in the body of his petition, he claimed a due process violation based on the Board's failure to consider his age and significant stress factors at the time of the offense. (Id. at 5-6.) While Petitioner's confusion may have led to Claims Two and Three being mis-labeled in the petition for review as equal protection claims, his confused arguments will not defeat his adequate efforts to assert his federal due process claim in state court, particularly in light of his pro se status. See Sandgathe v. Maass, 314 F.3d 371, 378 (9th Cir. 2002) (neither confused arguments nor poor lawyering will necessarily defeat a pro se petitioner's otherwise adequate efforts to assert a federal claim in state court). For purposes of exhaustion, pro se petitions in state court may be read differently from counseled petitions. Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (citation omitted). "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." Id. at 1158. When it has been written by a pro se petitioner, a court may need to be more flexible. See, e.g., Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor in favor of finding exhaustion where prisoner claimed ineffective assistance of counsel but failed to cite federal constitution or federal case law in support of his claim). Here, Petitioner "fairly presented" Claims Two and Three as part of his federal due process claim in state court; therefore, the Court

5

finds that they are exhausted and considers them as part of Claim One, his exhausted due process claim.

Petitioner requests that the Court strike Claim Four, the unexhausted equal protection claim.  He indicates that, for "judicial economy," he does not wish to pursue Claim Four; therefore, the Court should proceed with the remaining exhausted due process claim.

A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  When faced with a post-AEDPA mixed petition, such as the present petition, the court must on its own motion provide the petitioner an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)); Hunt v. Pliler, 384 F.3d 1118, 1125 (9th Cir. 2004); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004); James v. Pliler, 269 F.3d 1124, 1125-26 (9th Cir. 2001);  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000); see also Guillory v. Roe, 329 F.3d 1015, 1017-18 (9th Cir. 2003) (error for district court to deny petitioner's motion to strike unexhausted claims as an alternative to suffering dismissal).

Because Petitioner has asked to strike the unexhausted equal protection claim, the Court construes his request as a motion to amend the petition to delete that claim.  The Court GRANTS Petitioner's motion, strikes the unexhausted equal protection claim, and reinstates the Court's May 2, 2008 order to show cause as to the now fully exhausted petition.  The parties are directed

6

to abide by the briefing schedule outlined below.

Because the Court has construed Claims Two and Three as part of Petitioner's due process claim, it need not address Respondent's alternative argument that the equal protection claims asserted in Claims Two and Three are without merit and do not warrant habeas relief.

As discussed above, Petitioner has two prior habeas actions. In both of these actions Petitioner is represented by Steve M. Defilippis of Picone & Defilippis, APLC. Mr. Defilippis has informed clerk's office staff that he is willing and able to accept appointment on Petitioner's behalf because he is already familiar with Petitioner's file.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

The Court finds that the appointment of Mr. Defilippis to represent Petitioner is warranted in this action. Accordingly, in the interests of justice and good cause appearing, the Court on its own motion appoints Mr. Defilippis to represent Petitioner.

CONCLUSION

1.  Petitioner's motion to amend the petition to strike

7

Claim Four, the unexhausted equal protection claim, (docket no. 5) is GRANTED.  Therefore, the Court strikes the unexhausted equal protection claim.

2.    Respondent's motion to dismiss (docket no. 4) is DENIED.

3.    The Court on its own motion appoints Stephen M. Defilippis (SBN 117292) of Picone & Defilippis, APLC of 625 North First Street, San Jose, California 95112, to represent Petitioner in this action.  Petitioner's counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office.  The Court directs Petitioner's counsel to abide by the briefing schedule outlined below.

4.    The Court's May 2, 2008 order to show cause is reinstated as to his due process claim, which includes Claims One through Three.

Respondent is ordered to file an answer and supporting documents within sixty (60) days from the date of this Order. Respondent shall file with an answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner's counsel wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the answer. Should Petitioner's counsel fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date Petitioner's counsel is served with Respondent's answer.

5.    The Clerk of the Court shall send a copy of this Order to Petitioner's counsel, to Petitioner, to the Federal Public Defender, and to Respondent.

6. This Order terminates Docket nos. 4 and 5.

IT IS SO ORDERED.

DATED: September 22, 2009

CLAUDIA WILKEN
United States District Judge